C. Cole Crabtree (Fed. Bar #21-244)
Nathan M. Galliant (Fed. Bar #21-241)
JABURG WILK
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Tel: (602) 248-1006
Fax: (602) 248-0522
E-mail: nmg@jaburgwilk.com
        ccc@jaburgwilk.com

Attorneys for Defendant ALUM FINANCIAL, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| KATHARINE H. HENDRICKS, for herself and all other New Mexico residences who are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALUM FINANCIAL, LLC, a foreign limited liability company,<br><br>Defendant. | Case No.: 1-21-cv-00798-KRS-JFR<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ALUM FINANCIAL, LLC; AND DEMAND FOR A JURY TRIAL** |

Defendant ALUM FINANCIAL, LLC ("Alum Financial"), by and through undersigned counsel, answers Plaintiff KATHARINE H. HENDRICKS' ("Plaintiff"), for herself and all other New Mexico residents who are similarly situated, Complaint as follows:

1.      Answering paragraph 1 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the allegations.

2.      Answering paragraph 2 of the Complaint, Alum Financial admits that it is a California limited liability company.  Alum Financial denies the remaining allegations contained in paragraph 2 of the Complaint.

3.     Answering paragraph 3 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies the allegations.

4.     Answering paragraph 4 of the Complaint, Alum Financial denies the allegations contained in paragraph 4 of the Complaint.

5.     Answering paragraph 5 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies the allegations.

6.     Answering paragraph 6 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies the allegations.

7.     Answering paragraph 7 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies the allegations.

8.     Answering paragraph 8 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies the allegations.

9.     Answering paragraph 9 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the allegations.

10.     Answering paragraph 10 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the allegations.

11.     Answering paragraph 11 of the Complaint, Alum Financial denies the allegations contained in paragraph 11 of the Complaint.

12.     Answering paragraph 12 of the Complaint, paragraph 12 is unintelligible and as such Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and

JABURG WILK

LAW FIRM

therefore denies the allegations.

13.     Answering paragraph 13 of the Complaint, paragraph 13 is unintelligible and as such Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies the allegations.

14.     Answering paragraph 14 of the Complaint, Alum Financial denies the allegations contained in paragraph 14 of the Complaint.

15.     Answering paragraph 15 of the Complaint, Alum Financial denies the allegations contained in paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, Alum Financial denies the allegations contained in paragraph 16 of the Complaint.

17.     Answering paragraph 17 of the Complaint, the language quoted in paragraph 17 is an incomplete statement of fact and as such Alum Financial denies the allegations contained in paragraph 17 of the Complaint.

18.     Answering paragraph 18 of the Complaint, the language quoted in paragraph 18 is an incomplete statement of fact and as such Alum Financial denies the allegations contained in paragraph 18 of the Complaint.

19.     Answering paragraph 19 of the Complaint, Alum Financial denies the allegations contained in paragraph 19 of the Complaint.

20.     Answering paragraph 20 of the Complaint, Alum Financial denies the allegations contained in paragraph 20 of the Complaint.

21.     Answering paragraph 21 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies the allegations.

22.     Answering paragraph 22 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore denies the allegations.

23.     Answering paragraph 23 of the Complaint, Alum Financial denies the

3

allegations contained in paragraph 23 of the Complaint.

24.     Answering paragraph 24 of the Complaint, Alum Financial denies the allegations contained in paragraph 24 of the Complaint.

25.     Answering paragraph 25 of the Complaint, Alum Financial denies the allegations contained in paragraph 25 of the Complaint.

26.     Answering paragraph 26 of the Complaint, Alum Financial denies the allegations contained in paragraph 26 of the Complaint.

27.     Answering paragraph 27 of the Complaint, Alum Financial denies the allegations contained in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, Alum Financial denies the allegations contained in paragraph 28 of the Complaint.

29.     Answering paragraph 29 of the Complaint, Alum Financial denies the allegations contained in paragraph 29 of the Complaint.

30.     Answering paragraph 30 of the Complaint, Alum Financial denies the allegations contained in paragraph 30 of the Complaint.

31.     Answering paragraph 31 of the Complaint, Alum Financial denies the allegations contained in paragraph 31 of the Complaint.

32.     Answering paragraph 32 of the Complaint, Alum Financial denies the allegations contained in paragraph 32 of the Complaint.

33.     Answering paragraph 33 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and therefore denies the allegations.

34.     Answering paragraph 34 of the Complaint, Alum Financial is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and therefore denies the allegations.

///

JABURG WILK
LAW FIRM

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CAUSE OF ACTION)

The Complaint fails to state facts sufficient to constitute a cause of action against Alum Financial.

### SECOND AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Plaintiff and/or proposed class members by their own acts and/or omissions are estopped from recovering at all against Alum Financial.

### THIRD AFFIRMATIVE DEFENSE

### (CONSENT)

Plaintiff and/or proposed class member by their own words and conduct consented to the alleged contacts by Alum Financial.

### FOURTH AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

Plaintiff and/or proposed class members lack standing to bring this lawsuit against Alum Financial.

### FIFTH AFFIRMATIVE DEFENSE

### (STATUTES OF LIMITATION)

Plaintiff's and/or proposed class members causes of action, and each of them, are barred by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Alum Financial denies that Plaintiff and/or proposed class members have been damaged in any sum or sums, but to the extent Plaintiff and/or proposed class members have been damaged, those damages should be reduced based on their failure to mitigate.

JABURG WILK

LAW FIRM

## SEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

Plaintiff and/or proposed class members are barred from presenting their claims before the court based on the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (LACHES)

Plaintiff's and/or proposed class members claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (INTERVENING OR SUPERSEDING CAUSE)

The damages that Plaintiff and/or proposed class members claim to have suffered were caused or made worse by an event that occurred after the incident complained of.

## TENTH AFFIRMATIVE DEFENSE

### (LACK OF DAMAGES)

Plaintiff's and/or proposed class members' claims are barred in that they have not been damaged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (WAIVER)

Plaintiff's and/or proposed class members' claims are barred based on the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (JOINDER)

Plaintiff has failed to join indispensable parties with which a full, complete and equitable adjudication can be made in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (ACTS OF OTHER PARTIES)

Alum Financial alleges that, if it is subject to any liability by Plaintiff and/or proposed class members, herein it will be due in whole or in part to the acts and/or

1  omissions of other parties, or parties unknown at this time, and any recovery obtained by

2  Plaintiff, and/or proposed class members, should be barred or reduced according to law,

3  up to and including the whole thereof.

4  **FOURTEENTH AFFIRMATIVE DEFENSE**

5  **(ABSENCE OF NECESSARY PARTIES)**

6       The purported claims and causes of action alleged by Plaintiff require, for their

7  complete adjudication, the joining of additional, necessary or indispensable parties,

8  without whom the purported claims and causes of action cannot be fully, finally and

9  completely resolved.

10  **FIFTEENTH AFFIRMATIVE DEFENSE**

11  **(CLASS-ACTION—UNCONSTITUTIONAL)**

12       Certification of a class and/or allowing the action to proceed with Plaintiff as a

13  representative would prevent Alum Financial from raising individual defenses against

14  each putative class member and therefore constitute a denial of Alum Financial's

15  substantive and procedural due process rights in violation of the Fourteenth Amendment

16  to the United States Constitution and the New Mexico Constitution and/or a denial of

17  Financial's equal protection rights.

18  **SIXTEENTH AFFIRMATIVE DEFENSE**

19  **(CLASS-ACTION—STANDING)**

20       As a separate and distinct affirmative defense, Alum Financial alleges that Plaintiff

21  lacks standing to assert the legal rights or interests of others.

22  **SEVENTEENTH AFFIRMATIVE DEFENSE**

23  **(CLASS-ACTION—NO PREDOMINANCE OF COMMON QUESTIONS)**

24       Alum Financial alleges that the claims of Plaintiff and the putative class members

25  he seeks to represent are misjoined, as their rights to recover require individual analysis,

26  do not present a predominance of common questions of law or fact, and are unsuited for

27  determination on a class or representative basis, neither of which is a superior means of

28  adjudicating these claims.

JABURG WILK
LAW FIRM

**JABURG WILK**
LAW FIRM

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (CLASS-ACTION—LACK OF MANAGEABILITY)

Alum Financial alleges that the Complaint and each purported cause of action alleged therein, cannot proceed as a purported class or collective action because of the difficulties likely to be encountered that render the action unmanageable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (CLASS-ACTION—NO DAMAGES)

Alum Financial alleges that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (CLASS-ACTION—VIOLATION OF DUE PROCESS)

Alum Financial alleges that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have legal right to damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (ADDITIONAL DEFENSES)

Alum Financial may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims, and due to the fact that that Alum Financial does not have copies of certain documents bearing on Plaintiff's and/or putative class members' claims, and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff allege Alum Financial may be responsible or may share some responsibility.   Alum Financial therefore reserves the right to assert additional defenses.

WHEREFORE, Alum Financial prays for judgment against Plaintiffs and the putative class members as follows:

1.    That Plaintiff and putative class members take nothing by way of this action;

2.    That Alum Financial be awarded costs of suit incurred herein;

3.    That Alum Financial be awarded its attorney fees incurred herein; and,

4.    For such other and further relief as the court deems just and proper.

**JABURG WILK, P.C.**

By: _____

DATED: August 27, 2021

Nathan M. Gallinat
C. Cole Crabtree
Attorneys for Defendant
Alum Financial, LLC

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendant ALUM FINANCIAL, LLC hereby demands a trial by jury in this action.

**JABURG WILK, P.C.**

By: _____

DATED: August 27, 2021

Nathan M. Gallinat
C. Cole Crabtree
Attorneys for Defendant
Alum Financial, LLC

JABURG WILK
LAW FIRM

9