IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHARINE H. HENDRICKS,              )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )  Case No.: 1:21-cv-00798-MV-JFR
                                     )
ALUM FINANCIAL, LLC,                 )
                                     )
          Defendant.                 )

**AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

Defendant Alum Financial LLC is engaged in violations of the Telephone Consumer Protection Act and unfair, deceptive and unconscionable trade practices in the course of offering services as a for-profit student loan debt relief organization.

**Parties**

1. Plaintiff Katharine Hendricks ("Hendricks") resides in Santa Fe, New Mexico.

2. Defendant Alum Financial LLC ("Alum") is a California Limited Liability Company engaged in the business of student loan debt relief. Alum is not registered to do business in the State of New Mexico, but the conduct complained of here was all directed at a resident of New Mexico at her home in Santa Fe and this Court has specific jurisdiction over these claims.

**Facts**

3. Experian estimates Americans have 165.2 million student loan accounts with approximately $1.57 trillion in outstanding debt. https://www.experian.com/blogs/ask-experian/state-of-student-loan-debt/.  In New Mexico, some 200,000 people have student loans with an average balance of $32,986.00 or $6.6 billion in student loan debt.

1

        https://studentloanhero.com/featured/new-mexico-student-loans-refinance/

4. Alum looks at these numbers and presents it like this:

> Student loans are stressful, but with the right knowledge and support it's easy to get on track to manage your student loan debt. At Alum Financial, we can help. We are a document preparation company specializing in the student loan industry. We have cultivated a performance-based system that focuses on our client's needs. It's only natural that client satisfaction has been our goal from the beginning. . . .
> After graduation, it's common for people to explore the freedom that replaces mandatory class attendance, acknowledge the hard-earned accomplishments, and daydream about what the future holds. Instead, for many the optimism of starting a new career or business quickly fades once faced with the outstanding amount of debt owed immediately out of school.
> Instead of investing in a new business or going after the career they dreamed of while still in the classroom, people place their dreams on hold. They often settle for a job that forces them to live paycheck to paycheck. They find themselves unable to save or borrow money, purchase a home, or even pay for basic necessities.
> A majority of their disposable income goes toward their monthly student loan payments. They feel trapped in a vicious cycle of debt that limits their otherwise limitless potential.
> Does this sound familiar?
> https://alumfinancial.com/about-us/

5. Hendricks is one of those 200,000 New Mexico residents struggling with student loan debt. She was eligible for and was seeking forgiveness of specific student loan payments under a federal program. She was entitled to payment forgiveness because of her work as a mental health care professional employed by a nonprofit provider of mental health care services for members of certain Pueblos tribes in Northern New Mexico.

6. Hendricks was seeking assistance with her student loan debt and believed her employment qualified her for one of the many programs administered by the U.S. Department of Education. In her case, it was the Public Service Loan Forgiveness program.

7. Hendricks submitted her application for this program by faxing it to U.S. Department of Education FedLoan Servicing's fax number.

8. Shortly thereafter, in late February or early March 2021, Hendricks received a call to her

cellular telephone number.

9. Hendricks did not recognize the number and allowed the call to go to voicemail. The message left was robotic and lacking the usual inflection and voice modulation when a person leaves a voicemail.

10. Upon information and belief, this call delivered a prerecorded message from Alum on her cell phone.

11. Hendricks did not provide Alum prior express consent allowing Alum to make calls to her cell phone using an artificial or prerecorded voice.

12. Upon information and belief, Alum makes calls to consumers it has identified in some manner as having student loans by calling their cell phones using an artificial or prerecorded voice without the prior express consent of these consumers.

13. Shortly after submitting this application, Hendricks began getting calls from unfamiliar numbers which she let go to voicemail. These callers repeatedly left messages stating she was eligible for the program, but her application was incomplete. The messages further stated that she need to complete the process in a timely manner because eligibility is on a first come first served basis.

14. Hendricks called them back and spoke with an employee of Alum. Alum represented that it was the agency that people must work through to qualify for these loan consolidation programs.

15. Hendricks believed she had to work with Alum to get the relief she was seeking.

16. Alum offered her a contract which included a payment plan. When she asked about the payment plan Alum led her to believe the payment plan they offered was for her student loan payments under the consolidation program.

17. Alum is not an agency people must go through in order to qualify for these loan consolidation programs, and the payment plan is not a student loan payment plan but rather a payment plan for payment of Alum's fees.

18. Alum's contract and conduct is not premised on the particular program for which an individual with student loan debt qualifies but is instead a contract for services that Alum claims will find all the programs for which a person qualifies and help determine the best option for that person.

19. Alum took fees from this payment plan before providing any benefit to Hendricks including prior to her being enrolled in a qualified loan consolidation and forgiveness plan.

20. Upon information and belief, the representations made to Hendricks to induce her into entering into a contract with Alum are part of scripts used by Alum with any person it speaks with regarding student loan relief.

21. Upon information and belief, the contract signed by Hendricks is a form agreement used with any person who agrees to engage Alum for its services.

22. The express language of the agreement states "I hereby authorize Alum Financial (AF) to initiate automatic debits from my bank account or card on file, for the authorized services, fees and terms outlined in my Service Agreement with Alum Financial."

23. The agreement later states "I, [insert name], authorize AF to charge my account on See Below for the sole purpose of my student loans."

24. This statement in the contract is false and misleading and, at a minimum, tends to deceive consumers into believing these payments are student loan payments and not simply fees paid to Alum for its services.

25. Upon information and belief, Alum keeps all of the funds paid to it by consumers and no

portion of these payments are used to make monthly payments on the student loan or loans.

## Class Action Allegations

26. Plaintiff brings this lawsuit as a class action with two classes.

27. The first class consists of all New Mexico residents who were enrolled by Alum in its student loan relief and/or consolidation program.

28. The second class consists of all individuals in the United States who Alum called on their cell phones using an artificial or prerecorded voice to make the calls.

29. For both classes, the number of class members is so numerous that joinder is impractical.

30. The way Alum handled the enrollment process directed at Plaintiff is typical and representative of the way that Alum handled the enrollment process directed at the class members.

31. There are questions of law and fact common to the first class. Common questions of fact and law include but are not limited to whether the representations made by Alum were scripted for use with all New Mexico customers, did Alum take payment of its fees for debt relief prior to providing any benefit to New Mexico customers, did Alum use a form agreement with all New Mexico customers, and did Alum's statements and conduct have a tendency to deceive New Mexico customers.

32. There are questions of law and fact common to the second class. Common questions of fact and law include but are not limited to whether Alum made calls to the class members' cell phones and whether Alum made these calls using an artificial or prerecorded voice.

33. The claims brought in this lawsuit on behalf of either class can be determined principally from documents in the possession of Alum.

34. Plaintiff's claims and the claims of the members of both classes are based on similar facts and legal theory.

35. Plaintiff will fairly and adequately protect the interests of both classes. Plaintiff has retained attorneys who are experienced at handling consumer class actions. Plaintiff and her counsel have no interests which may conflict with the interests of either class.

36. Hybrid certification of the class under FRCP 23(b)(2) and FRCP 23(b)(3) is appropriate in that:

    a. Alum has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

    b. the questions of law and fact common to the members of the class predominate over any questions affecting an individual member; and,

    c. a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**First Claim for Relief: Violations of the Unfair Practices Act**

37. Alum's representations, actions, inactions and omissions constitute unfair trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA §§ 57-12-1 *et seq.* ("UPA"), including NMSA § 57-12-2(D) generally and NMSA §§ 57-12-2(D)(2), 57-12-2(D)(3), 57-12-2(D)(11), 57-12-2(D)(14), and 57-12-2(D)(15) specifically.

38. Alum's representations, actions, inactions and omissions constitute unconscionable trade practices, within the meaning of the UPA, including NMSA § 57-12-2(E) generally and NMSA § 57-12-2(E)(1) and 57-12-2(E)(2) specifically.

39. Alum acted willfully regarding the actions that violate the UPA.

40. Plaintiff is entitled to recover actual or statutory damages, trebled if it is determined that Alum acted willfully, plus attorney fees and costs.

41. The members of the first class are entitled to recover actual damages, trebled if it is determined that Alum acted willfully, plus attorney fees and costs.

**Second Claim for Relief: Violations of the Telephone Consumer Protection Act.**

42. Defendant made calls using an artificial or prerecorded voice to Hendricks and the second class's cell phones without prior express written consent, and therefore constitute violations of 47 USC § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1) for each such call.

43. Defendant's robocalls invaded Hendricks' and the second class's privacy and violated Hendricks' and the second class's legal rights under federal law to not be subjected to such unlawful and anonymous robocalls.

44. Hendricks and the second class are entitled as a matter of law to obtain an injunction prohibiting Defendant from committing further violations of 47 USC § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1) and the recovery of the greater of actual damages or $500.00 for each of the violations as prescribed under 47 USC § 227(b)(3).

45. The robocalls to Hendricks' and the second class's telephone numbers, and the acts and omissions as to those calls described herein were deliberate and conscious acts or omissions.

46. The robocalls to Hendricks' telephone number and to the second class were willful or knowing as those terms are defined in the Communications Act of 1934 and

administered by the FCC.  Therefore it is within the Court's discretion to award Hendricks and the class up to three times the available statutory damages as prescribed under 47 USC § 227(b)(3).

**Request for Relief**

Plaintiff requests that this Court:

A. Certify this lawsuit to proceed as a class action;

B. Enjoin Alum from taking payment unless represented by a New Mexico licensed attorney;

C. Award Plaintiff and the first class members statutory damages of $1,000 each, trebled to $3,000 each if it is determined that Alum acted willfully, plus, to each, return of all monies received;

D. Award Plaintiff actual or statutory damages, trebled if it is determined that Alum acted willfully, under the UPA;

E. Award the first class members actual damages, trebled if it is determined that Alum acted willfully, under the UPA;

F. Award Hendricks and the second class members statutory damages of $500 per violation, trebled to $1500.00 per violation if it is determined Alum acted willfully, for its violations of the TCPA;

G. Enjoin Alum from making calls using an artificial or prerecorded voice to consumer cell phones without their prior express consent;

H. Award attorney fees under the UPA and costs; and,

I. Provide such other relief as the Court deems just and proper.

        Respectfully submitted,

        **HUMPHREYS WALLACE HUMPHREYS, P.C.**

        */s/ Robert David Humphreys*
        Robert David Humphreys
        Lucius James Wallace
        1701 Old Pecos Trail, Suite B
        Santa Fe, NM  87505
        (505) 933-7026 / (918) 471-2223 fax
        david@hwh-law.com
        luke@hwh-law.com
        **ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

### CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of October, 2021, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Nathan M. Gallinat
nmg@jaburgwilk.com
C. Cole Crabtree
ccc@jaburgwilk.com
JABURG WILK
*Attorneys for Defendant*

        */s/ Robert David Humphreys*